# Exhibit 20

STATE OF VERMONT
PUBLIC UTILITY COMMISSION

Case No. 22 -2442-PET

| Petition of Industrial Tower and Wireless, LLC requesting a certificate of public good, pursuant to 30 V.S.A. § 248a, authorizing the installation of wireless telecommunications equipment in Ira, Vermont | |
|---|---|

### NEIGHBOR INTERVENORS' MOTION FOR HEARING
### OR OPPORTUNITY TO SUPPLEMENT THE EVIDENTIARY RECORD
### AND SUBMIT A BRIEF

Now come Neighbor Intervenors Stanley Shapiro, David Gates, Francis & Ellen Lloyd, Alta Johnston, and Raymond Gandy, *pro se* (Motions to Intervene decision pending), and move to request a hearing on Orderly Development and Aesthetics. In the alternative, Neighbor Intervenors request the opportunity to supplement the evidentiary record, with the opportunity to submit a Brief on the substantive issues raised in this case.

**Introduction**

Neighbor Intervenors filed Motions to Intervene on August 1, 2022, and did not request a hearing due to the belief that the relevant portion of the town plan and the photos and videos submitted with the Motions to Intervene would provide the evidence necessary for the PUC to make a decision in this case.

However, as the case has developed with no ruling on the Motions to Intervene and numerous extensions of deadlines -- one requested by ANR (6/26 request granted 8/2 to extend to 8/15) -- and three deadline extension requests by the Applicant (8/2 request granted 8/4 to extend to 8/29)(8/26 request granted 9/1 to extend to 9/9)(9/8 request granted 9/12 to extend to

Case No. 22-2442
Neighbor Intervenors' Motion for Hearing    p. 2 of 5
Or Opportunity to Supplement the Evidentiary Record
And Submit a Brief
October 7, 2022

9/30) -- followed by the Applicant's supplemental prefiled testimony of 9/29 (Response to Comments, Supplemental Prefiled Testimony of L. Hodgetts and K. Delaney, Exhibits KD-4, KD-5, KD-6, KD-7), Neighbor Intervenors are responding to changed circumstances that require they have an opportunity to present evidence to be entered into the record for the PUC to consider in its decision. There is no other way for Neighbor Intervenors to protect their interests than through an Evidentiary Hearing preceded by Pre-filed testimony and Discovery.

Neighbor Intervenors are prepared to move forward in a timely manner that will not further delay the proceeding. All delays in this proceeding to date have been due to requests by ANR and, most importantly, by the Applicant. The Applicant's three requests resulted in an August 2nd request that extended the deadline for comments until September 30th, nearly two months.

Neighbor Intervenors' rights to due process should not be infringed upon because they did not request a hearing at the time they filed Motions to Intervene. This Motion for Hearing is timely based on the deadline extensions requested by the applicant and the supplemental testimony submitted by the Applicant, with the Motions to Intervene pending a decision by the Hearing Officer.

## This project raises substantive issues that require a hearing.
**Orderly Development.**

The Applicant is required to submit relevant portions of the Town Plan. However, the Applicant neglected to include the Scenic Resource section of the Town Plan that identifies the location of this proposal as a Scenic Resource to be protected. There is no other way for

Case No. 22-2442
Neighbor Intervenors' Motion for Hearing   p. 3 of 5
Or Opportunity to Supplement the Evidentiary Record
And Submit a Brief
October 7, 2022

Neighbor Intervenors to enter this section of the Town Plan into evidence except by submitting pre-filed testimony and holding an evidentiary hearing.

In the alternative, Neighbor Intervenors could ask the PUC to take judicial notice of the Ira Town Plan. However absent an Order granting party status and a hearing, it is unclear to *pro se* parties how to get the document entered into evidence.

Therefore, Neighbor Intervenors request a hearing on Orderly Development.

**Aesthetics**

The project raises substantive issues under the Aesthetics criterion. Intervenor Stanley Shapiro submitted photos and videos with the Motion to Intervene, however they are not in evidence. Neighbor Intervenors are prepared to offer expert witness testimony evaluating the project's Aesthetic effects and the PUC's Quechee Analysis. An evidentiary hearing is the only way the Neighbor Intervenors can offer this evidence.

In the alternative, Intervenor Shapiro moves to have his Motion to Intervene, photographs and three videos entered into the evidentiary record.

A balloon test was conducted by the Applicant with no notice to the Town, Neighbors or Adjoiners. The few people who saw it said the balloon was up, then down, and was not evident for any significant length of time. Additionally, pre-filed testimony stated the balloon was flown at 150 feet. Recently-submitted testimony states that was a typo and it was 180 feet. Neighbor Intervenors have no confidence in the recently-stated height of the balloon, and have no way to probe the statement unless they are able to engage in Discovery.

Case No. 22-2442
Neighbor Intervenors' Motion for Hearing   p. 4 of 5
Or Opportunity to Supplement the Evidentiary Record
And Submit a Brief
October 7, 2022

As part of Discovery, Neighbor Intervenors may seek access to the project site to raise their own balloon, as allowed for in VRCP Rule 34,[1] to enable expert witness testimony on Aesthetics.

### 180 Day Shot Clock Should Re-Start at 9/29/22

Vermont Statute sets a 180 day time frame for making a decision on tower cases,[2] beginning at the date the PUC finds the Petition to be complete, which was 6/28/22. However, the Applicant sought three extensions of deadlines resulting in delays of two months (60 days).

After the two month delay, Petitioner filed numerous new documents on 9/29/22. The new information submitted should require re-starting the 180 day shot clock to 9/29. The Petition was not "Complete" at the time the PUC determined it to be complete. Instead, this Applicant has created a moving target without any opportunity for the people whose particularized interests are affected to respond.

### Conclusion

At no time have Neighbor Intervenors sought extensions or in any way delayed this case. With numerous requests for extensions and filings of new testimony and exhibits by the Applicant, Neighbor Intervenors must be able to respond to the filings and submit evidence into

---

[1] https://casetext.com/
**Vt. R. Civ. P. 34**
As amended through September 13, 2022
Rule 34 - Production of Documents and Things and Entry Upon Land for Inspection and Other Purposes(a) Scope. **Any party may serve on any other party a request ... (2) to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b).**

[2] https://legislature.vermont.gov/statutes/section/30/005/00248a
(f) Review period. ... If the Commission rules that an application raises a significant issue, **it shall issue a final determination on an application filed pursuant to this section within 180 days of its filing....**

Case No. 22-2442<br>
Neighbor Intervenors' Motion for Hearing   p. 5 of 5<br>
Or Opportunity to Supplement the Evidentiary Record<br>
And Submit a Brief<br>
October 7, 2022

the evidentiary record. Because this project raises substantive issues under the criteria, a hearing is necessary. In the alternative, Neighbor Intervenors move to have the Ira Town Plan and its Scenic Resources Section, Intervenor Shapiro's Motion to Intervene with Photos and Videos moved into the evidentiary record. Neighbor Intervenors also request an opportunity to submit a Brief with argument on the substantive issues of Orderly Development and Aesthetics.

Respectfully submitted this 7th day of October, 2022 by,

*/s/ Stanley M. Shapiro*
Stanley M. Shapiro
2706 Rt. 133
Ira, VT. 05777
stanudaman@gmail.com
(802) 855-3209

On behalf of Neighbor Intervenors Stanley Shapiro, David Gates, Francis & Ellen Lloyd, Alta Johnston, and Raymond Gandy, *pro se*.